**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA

VERSUS

SEAN GABRIEL LOSTON

CRIMINAL NO. 20-0293 (08)

JUDGE ELIZABETH E. FOOTE

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" filed by the Defendant, Sean Gabriel Loston ("Loston"). *See* Record Document 482.  Therein, Loston argues that a reduction of his sentence is appropriate under 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling circumstances. *See id.* The Government opposes the motion. *See* Record Document 485. For the following reasons, Loston's motion [Record Document 482] is **DENIED.**

### Background

Loston was charged as part of a multi-defendant criminal conspiracy to distribute methamphetamine in the Western District of Louisiana. *See* Record Document 64. Beginning in July 2020 and continuing through October 23, 2020, Loston conspired with other individuals to possess with the intent to distribute methamphetamine. *See* Record Document 312-2 at 1.

As part of the Government's investigation, the Drug Enforcement Administration intercepted a series of phone calls that established Loston as a distributor of narcotics on behalf of Demetrius Loston. *See id.*  Loston was intercepted on wiretapped calls on two

occasions. *See id.* On October 20, 2020, Loston called Demetrius Loston to discuss the sale of three ounces of marijuana to an individual named Ronnie. *See Id.* During the call, Demetrius Loston told Loston that Ronnie would have "15" or $1500 to give him in exchange for the marijuana. *See id.* at 2. Loston is heard confirming that he would take three ounces of marijuana to Ronnie. *See id.* On October 21, 2020, calls between Demetrius Loston and David Fuller discussed a future purchase by David Fuller of a "half" (half-ounce) of methamphetamine for $250.00. *See id.* Once the agreement was made, Demetrius Loston called Loston and instructed Loston to meet David Fuller and provide him with a half-ounce of methamphetamine in exchange for $250.00. *See id.* Loston agreed to meet David Fuller. *See id.*

On October 23, 2020, Loston was arrested for possession with intent to distribute cocaine by Louisiana state law enforcement after local task force officers arrested Loston in an unrelated warrant execution. *See id.* During the execution of the warrant, officers searched Loston and found 4.1 grams of cocaine in twenty-two individually wrapped packages in Loston's pocket. *See id.*

On February 26, 2021, a Superseding Indictment was filed in the Western District of Louisiana charging Loston and eight other individuals with Conspiracy to Distribute and to Possess with the Intent to Distribute Methamphetamine (50 grams or more) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. *See* Record Document 64. Loston appeared for an initial arraignment on March 19, 2021, after a writ of habeas corpus ad prosequendum was issued for his appearance. *See* Record Documents 98 & 129. Thereafter, on February 25, 2022, a Bill of Information was issued charging Loston with

2

a single count of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. *See* Record Document 292. The Court notes the Bill of Information removed the allegation of 50 grams or more of methamphetamine. *See id.*

On March 4, 2022, Loston entered a guilty plea to the Bill of Information. *See* Record Documents 310 & 312.  On June 30, 2022, this Court sentenced Loston to 46 months imprisonment. *See* Record Document 386 at 2. The judgment notes that Loston was placed in federal custody on March 19, 2021 and had been in federal custody since that time. *See id.*  At the conclusion of his federal sentencing Loston was remanded to the custody of the U.S. Marshal Service. *See id.*

On June 29, 2022, the day before his sentencing in federal court, the State of Louisiana revoked Loston's state parole term based on a 2014 conviction for the Distribution of a Schedule II CDS (cocaine) in violation of La. R.S. § 40:967(A)(1). *See* Record Document 391 at ¶ 88.  The United States Probation Office reports that on August 5, 2022, custody over Loston was transferred back to the State of Louisiana for the adjudication of the pending state charges based on his October 23, 2020 arrest and for Loston to serve the remainder of his 2014 sentence based on his state parole violation. The state charges for Loston's October 23, 2020, arrest were subsequently dismissed. However, Loston has remained in state custody since August 5, 2022, serving his term for his state parole violation. Once complete, he will be released back into federal custody to serve his federal sentence.

Loston's motion seeks a reduction of his federal sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling circumstances. *See* Record Document 482. Loston argues that his release from federal custody to the State of Louisiana has caused him to serve an unusually long sentence, which is an extraordinary and compelling circumstance warranting a reduction in his sentence. *See id.* at 2. Additionally, Loston notes his significant rehabilitation while in state custody. *See id.* The Government opposes the motion and argues neither of these reasons are sufficient to reduce Loston's federal sentence. *See* Record Document 485.

**Law and Analysis**

**I.      Exhaustion of Administrative Remedies**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011) (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)). A district court's jurisdiction to modify a sentence is limited to the circumstances set forth in 18 U.S.C. § 3582(c). One such circumstance is upon the filing of a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) by the Bureau of Prisons ("BOP") or the defendant, commonly referred to as a motion for compassionate release.

Historically, only the Director of the BOP could request a court to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. However, after the First Step Act of 2018, a court may now consider compassionate release motions directly from prisoners. *See* 18 U.S.C. § 3582(c)(1)(A).

4

But before a prisoner pursues compassionate release directly from the district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden of his BOP facility. *Id.*

The administrative exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted his administrative remedies. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) ("Mandatory exhaustion regimes brook no exceptions.") (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)); *see also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court may only consider Loston's motion if he has satisfied the aforementioned exhaustion requirement.

Loston has provided no evidence that he has exhausted all administrative remedies at the BOP prior to filing his motion for compassionate release. Indeed, Loston is incapable of requesting an administrative remedy from the BOP at this time because he is not in federal custody. The administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is mandatory. Because Loston has not, and currently cannot, fulfill the statutory administrative exhaustion requirement, this Court cannot consider his motion for compassionate release. If the Defendant wishes to seek compassionate release in the future, he must exhaust his administrative remedies with the BOP before filing a new motion with the Court.

## II.    Extraordinary and Compelling Circumstances

Alternatively, if the Court were to consider the merits of Loston's motion, a reduction in his sentence would still be denied.  If a defendant has properly exhausted his administrative remedies with the BOP a court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).  On November 1, 2023, the United States Sentencing Commission outlined specific reasons that would be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13(b). The six categories include: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; (4) whether the defendant has been a victim of abuse during custody; (5) other reasons; and (6) an unusually long sentence. *Id.*  The inmate bears the burden of showing why a reduction is justified. *See United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

Loston argues that extraordinary and compelling reasons support a reduction in his sentence, including the length of his sentence and his rehabilitation while in state custody. The Court will consider each argument in turn.

### A.    Length of Sentence

Loston contends that the federal government's release of his custody to the State of Louisiana on August 5, 2022, to serve a sentence for a state parole violation has resulted in the imposition of an unusually long sentence. *See* Record Document 482 at 2. Loston reasons that if the federal government had not released him into the custody of

the State of Louisiana, he would have already completed his 46-month federal sentence. *See id.* The Government notes that Loston has provided no evidence that the separate sentences should run concurrently, or that Loston should be provided credit for both sentences. *See* Record Document 485 at 5.

The Court finds that Loston's argument fails for the following reasons. First, the default rule in federal sentencing is that "totally unrelated crimes should ordinarily receive distinct punishment." *United States v. Woods*, 440 F.3d 255, 260 (5th Cir. 2006). "[C]onsecutive sentencing is an appropriate mechanism for imposing distinct punishment for separate criminal acts, and . . . a defendant has no right to have concurrent sentences imposed for two totally unrelated offenses." *Id.* (quoting *United States v. Olivares-Martinez*, 767 F.2d 1135, 1137 (5th Cir. 1985)). In this instance, Loston's state term of imprisonment based on a parole violation stems from an unrelated 2014 drug conviction. The mere fact that Loston's 2022 federal conviction resulted in the revocation of his state probation is insufficient to warrant a single punishment or concurrent sentences. *See United States v. Wallace*, No. 02-0328, 2021 WL 1850917, at *5 (N.D. Tex. May 7, 2021) (concurrent punishment not warranted based on federal conviction that resulted in the revocation of state probation). As such, Loston's state term is distinct from his 2022 federal term and should be served consecutively.

Second, this Court is not in a position to control the custody of the defendant nor the order in which he serves his federal and state sentences. "[T]he federal government and the state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled

unnecessarily to serve his sentences in a piecemeal fashion." *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980).  Further, it is the Attorney General via the BOP, not the district court, who determines where a federal sentence will be served and when it begins. *See United States v. Cibrian*, 374 F. App'x 524, 529 (5th Cir. 2010).

Third, the BOP has yet to determine the amount of credit Loston will receive towards his federal sentence for time already spent in custody. The BOP is charged with determining "what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir.2003). Because the BOP has yet to determine the credit Loston will receive towards his federal sentence for time already spent in federal custody, Loston's release date is unknown at this time.

For these reasons, Loston's argument that his sentence is unusually long and is an extraordinary and compelling reason sufficient to warrant a reduction in his sentence is without merit.

## B.   Rehabilitation

Loston maintains that a reduction in his sentence is also warranted based on his rehabilitation while in state custody. *See* Record Document 482 at 2. Specifically, Loston argues that he has reformed himself to such a degree that he was placed in a work release program where he works as a beekeeper, which has provided him with both pride in his work and a feeling of redemption. *See id.* Contact information for Loston's supervisor was provided to the Court. *See id.*

8

While the Court finds it commendable that Loston is participating in a work release program and is realizing a sense of pride and fulfilment in his work, "rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release under the First Step Act." *United States v. Stevenson*, No. 03-0309, 2022 WL 16758296, at *3 (E.D. La. Nov. 8, 2022); *see also* 28 U.S.C. § 994(t).  Rehabilitation may be considered "only [as] a factor warranting reduction when a prisoner has otherwise demonstrated extraordinary and compelling reasons for relief." *See United States v. Traweek*, No. 13-0712, 2025 WL 1490306, at *3 (S.D. Tex. May 23, 2025); *see also* U.S.S.G. § 1B1.13(d).

Because Loston has not otherwise demonstrated an extraordinary and compelling reason for relief, the Court cannot consider rehabilitation alone to reduce Loston's sentence.

### Conclusion

Based on the foregoing reasons, Loston's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Record Document 482] is hereby **DENIED.**

**THUS DONE AND SIGNED**, this  9th  day of July, 2026.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE